UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARVIN GIOVANNY MELARA CASTILLO,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX, *et al*.,

Respondents.

Case No.   1:26-cv-04773 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 3, 4

This habeas action concerns the detention of Petitioner Marvin Giovanny Melara Castillo, a noncitizen who has lived in the United States since August 3, 2022. Petitioner was re-detained by Respondents on April 21, 2026 without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus, motion for expedited consideration of his petition, and motion for a temporary restraining order. *See* Dkt. Nos. 1, 3, 4. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus, and resolves the pending motions as moot.[1]

I.    **BACKGROUND**

Petitioner is a citizen of El Salvador who entered the United States with his wife and children near San Ysidro, California in August 2022. Dkt. No. 1 at 5. The records submitted by Petitioner reflect that he was processed by immigration authorities upon entry and served a Notice to Appear ("NTA") placing him in removal proceedings and charging him as inadmissible under INA 212(a)(7)(A)(i)(I). *Id*. at 16–19. The NTA set an in-person immigration court date for March

---

[1] In setting a briefing schedule on the petition for writ of habeas corpus and motions, the court informed that parties that it intended to rule on both the petition and motions together. *See* Dkt. No. 8. Neither party objected.

Case No.: 1:26-cv-04773-EJD

1

28, 2023. *Id*. at 16. Petitioner contends that he and his family were then released into the United States. *Id*. at 5. He claims that until his most recent detention he had been "permitted to reside in the community while his immigration proceeding remained unresolved." *Id*.

Since his initial release from custody, Petitioner has settled in Houston, Texas with his family and applied for asylum. *Id*. at 23–42. He also obtained work authorization through USCIS, has been issued a social security card, has begun work, and paid taxes. *Id*. at 5, 55–66. Petitioner claims to have no criminal history and to have followed all conditions of his release. *Id*. at 7. Despite no apparent change in circumstances since Petitioner's initial release, he was arrested by Immigration and Customs Enforcement ("ICE") on April 21, 2026 while he was driving to work. *Id*. at 6. He claims that ICE did not provide any notice or reason for his re-detention. *Id*. at 7.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner, proceeding pro se, filed this habeas petition and motion for temporary restraining order on June 22, 2026, arguing that his re-detention without any "individualized reasons why continued physical confinement remains necessary" violates his due process rights. *See id*. at 9. Respondents did not file a response by the deadline set by the Court, which the Court

Case No.: 1:26-cv-04773-EJD

United States District Court
Eastern District of California

interprets as a statement of non-opposition to the petition and motion. *See* L.R. 230(c).

Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

Though neither party has specified exactly what Petitioner's custody status was between his entry into the United States in August 2022 to the date of his recent detention on April 21, 2026, he claims to have been previously released from immigration custody. *See* Dkt. No. 1 at 9. Respondents have not challenged this contention in response, nor submitted any evidence suggesting that Petitioner violated any terms of his prior release. Given that Petitioner was previously released by the Government into the interior of the United States, Petitioner has a protected liberty interest in his continued freedom. *See Enriquez Escarcega v. Warden of the Golden State Annex Facility*, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026) (noting that the court "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"); *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (same). "[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-CV-6695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey*, 408 U.S. at 482).

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under

Case No.: 1:26-cv-04773-EJD

United States District Court
Eastern District of California

the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for nearly four years. In the intervening years he has developed ties in his community working and supporting his family. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690; *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. And Respondents have not argued that Petitioner is dangerous or would be a flight risk. Indeed, Respondents failed to provide any justification for Petitioner's continued detention. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. "If the government wishes to

Case No.: 1:26-cv-04773-EJD

re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

In light of the fact that Respondents failed to make any finding of changed circumstances before re-detaining Petitioner, he is entitled to release.

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED.  IT IS HEREBY ORDERED that:

1.    Respondents immediately release Petitioner Marvin Giovanny Melara Castillo from their custody.

2.    Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.    If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing where the Government bears the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or danger to the community.

4.    This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

5.    The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: July 8, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 1:26-cv-04773-EJD

United States District Court
Eastern District of California